IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AARON KIZER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:12-cv-315 |
| | ) |
| SUMNER COUNTY JAIL, | ) Judge Sharp |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff Aaron Kizer, a state inmate currently incarcerated at the Sumner County Jail in Gallatin, Tennessee, filed this action under 42 U.S.C. § 1983 against the Sumner County Jail. Pursuant to 28 U.S.C. § 1915A, the Court must perform an initial review of the complaint. Also before the Court is the plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 2).

**I.  The Application to Proceed *in Forma Pauperis***

From the plaintiff's submission, it appears that the plaintiff receives substantial funds from some source, as his trust fund account statement for the preceding six months reflects that he received monthly deposits into that account totaling from $205 to $535 per month, for an average of about $344 per month. At the time of his filing, however, he had 15 cents in the account, and he has never had more than $125 in the account on a given day. The Court therefore finds that the plaintiff lacks sufficient funds to pay the filing fee in advance and will therefore grant the plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 2).

**II.  Initial Screening of the Complaint – Standard of Review**

Under the Prison Litigation Reform Act, the Court is required to conduct an initial screening of a prisoner's civil complaint if, as in this case, it seeks redress from a governmental entity, official or employee, 28 U.S.C. § 1915A, or if it is filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2). After the initial screening, the Court must *sua sponte* dismiss the complaint or any portion thereof if it is determined to be frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief from a defendant immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir.

1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); 28 U.S.C. § 1915(e)(2). The Court must construe a *pro se* plaintiff's complaint liberally, *Boag v. McDougall*, 454 U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### III. Allegations in the Complaint

In his complaint, the plaintiff alleges that, as a result of the negligence of various correctional officers at the jail, he slipped and severely broke his arm, causing him to lose the use of his hand. He also alleges that after he broke his arm, the correctional officers ignored the prescription for pain medication the plaintiff had received at the hospital, and sent him into isolation/lockdown without even any ibuprofen for pain. They left him in his cell, going into shock from pain, for approximately 36 hours before a nurse got him into the medical pod and administered strong pain medication. On the basis of these allegations, the plaintiff alleges that "the jail" has violated his civil rights by failing to house him in a safe facility, forcing him to work without pay and forcing him to work in hazardous conditions, and failing to follow the Rules established by the jail's administration. The plaintiff names Sumner County Jail as the sole defendant in this action. He seeks "proper medical treatment" and compensatory damages for his injuries.

### IV. Conclusions of Law

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States and that the deprivation was caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Both parts of this two-part test must be satisfied to support a claim under § 1983. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). For purposes of the PLRA screening requirement, the plaintiff here has adequately alleged facts suggesting a possible deprivation of his rights under the Eighth Amendment based on deliberate indifference to a serious medical need to receive adequate medical treatment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (holding that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment"). The operative question is whether the plaintiff has adequately alleged that a "person" "acting under color of state law" was responsible for the alleged

2

constitutional violation.

As an initial matter, the Court notes that the Sumner County Jail, the only defendant named in this action, is not a legal entity subject to suit. *See Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (county jail is a department of the county and not a legal entity susceptible to suit); *Travis v. Clinton County Jail*, No. 1:10-cv-1276, 2011 WL 447000, at *2 (W.D. Mich. Feb. 4, 2011) ("The jail is a building, not an entity capable of being sued in its own right."). Construing the complaint liberally, however, the Court assumes that the plaintiff intended to sue Sumner County as the entity responsible for operating the Sumner County Jail. *Cf. Travis*, 2011 WL 447000, at *2 (construing a complaint naming the jail as the defendant as asserting claims against the county); *Bagwell v. Oakland Cnty. Sheriff's Office*, No. 11–10032, 2011 WL 3625065 (E.D. Mich. Aug. 17, 2011) (construing complaint against a county sheriff's department as though it named the county as defendant).

Although a county may be a "person" for purposes of § 1983, the law is clear that a municipal government "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior*[1] theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Rather, "the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for the deprivation of rights protected by the Constitution." *Monell*, 436 U.S. at 690. "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479–80 (1986)). In short, "liability under § 1983 must be based on active unconstitutional behavior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). An employer's "awareness of allegations of unconstitutional conduct and failure to act are not a basis for liability." *McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003).

Thus, a county cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436

---

[1] "*Respondeat superior*" is defined as the doctrine under which liability is imposed upon an employer for injuries to others caused by the acts of his employees committed in the course and scope of their employment. Black's Law Dictionary (abridged 6th ed. 1991).

U.S. at 691; *Doe v. Claiborne Cnty.*, 103 F.3d 495, 508 (6th Cir. 1996). The Sixth Circuit has held that to establish the requisite causal link, the plaintiff must "identify the policy, connect the policy to the [county] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363–64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312 (1981) (citation omitted)); *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997) (indicating that the plaintiff must demonstrate "deliberate conduct").

The Supreme Court has stated that it is the "court's task . . . to identify those officials or governmental bodies who speak with final policymaking authority" for the municipal entity whose action is alleged to have caused the constitutional violation at issue. *McMillian v. Monroe Cnty.*, 520 U.S. 781, 784–85 (1997). In Tennessee, it is generally accepted that the sheriff is the final policymaker over the operation of a county jail. *Shorts v. Bartholomew*, 278 S.W.3d 268, 273 (Tenn. 2009); *Shorts v. Bartholomew*, 255 F. App'x 46, 52 (6th Cir. 2007); Tenn. Code Ann. § 8-8-201(a)(3) ("It is the sheriff's duty to . . . take charge and custody of the jail of the sheriff's county, and of the prisoners therein. . . ."). The court therefore looks to the complaint to determine whether the plaintiff has alleged facts that permit an inference that the Sheriff of Sumner County has established a custom or policy that caused the plaintiff to be deprived of a constitutional right.

The plaintiff alleges generally that he was "ignored" by corrections officers at the jail after he came back from the ER, and was placed on lockdown in his cell. He lay there completely incapacitated by pain, unable even to beat on the door to get someone's attention. He claims the corrections officers should have done "30 min[ute] security rounds." (Complaint, ECF No. 1, at 8.) He further alleges that the jail "has continually failed to meet his civil rights," and that his injuries might have been prevented if jail employees had followed "the rules set by Administration in this jail."

Based on these allegations, the Court finds that the plaintiff has not adequately alleged facts that support an inference that his injuries were caused by the implementation of official policy or unofficial custom. He does not assert the existence of a jail-wide policy or procedure that led to his injuries, nor

does he indicate that the jail administration was aware of the actions that led to his injuries. Rather, the plaintiff's statements indicate that he was injured as a result of actions taken by individual correctional officers who failed to comply with jail policy. Because the plaintiff has not shown active unconstitutional behavior on the part of the county itself, as reflected by jail policy, the complaint is subject to dismissal for failure to state a claim against Sumner County for which relief may be granted.

**V.    Conclusion**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner who files a civil action *in forma pauperis*, is nonetheless required to pay the full amount of the filing fee in installments. The Sixth Circuit has stated that the dismissal of a complaint under § 1915 "does not negate a prisoner's obligation to pay the filing fee . . . . [A] court's responsibility under the Prison Litigation Reform Act is first to examine the financial status of a prisoner and make the assessment of fees. After the fees have been assessed, the merits of a complaint or appeal may be reviewed. Our mandate, however, does not prevent a district court from making the fee assessment and conducting the screening process in the same opinion or order. *McGore*, 114 F.3d at 608.

Accordingly, an appropriate order will enter, assessing the fee and dismissing this action for failure to state a claim under § 1983.

Kevin H. Sharp
United States District Judge